United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-14845-elf
Remah S. Thomas                                                         Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: Randi              Page 1 of 1              Date Rcvd: Sep 27, 2018
                               Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 29, 2018.
db              +Remah S. Thomas,    318 Lakeview Avenue,    Drexel Hill, PA 19026-1014

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 29, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 27, 2018 at the address(es) listed below:
              GEORGETTE   MILLER    on behalf of Debtor Remah S. Thomas info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
               rlaw.com;smithcr50524@notify.bestcase.com;millergr50524@notify.bestcase.com;dmayberry@georgettemi
               llerlaw.com
              LEON P. HALLER    on behalf of Creditor    U.S. Bank National Association as Trustee for The
               Pennsylvania Housing Finance Agency lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com
              MARY JACQUELINE LARKIN    on behalf of    Upper Darby Bell Telco Federal Credit Union
               mjlarkin@mklaw.us.com,    camurray@mklaw.us.com;mdoria@mklaw.us.com;jkane@mklaw.us.com
              MARY JACQUELINE LARKIN    on behalf of    TruMark Financial Credit Union mjlarkin@mklaw.us.com,
               camurray@mklaw.us.com;mdoria@mklaw.us.com;jkane@mklaw.us.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Pennsylvania Housing Finance Agency
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Remah S. Thomas<br>              Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>              Movant<br>vs. | NO. 16-14845 ELF |
| Remah S. Thomas<br>              Debtor<br>William C. Miller Esq.<br>              Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,093.57**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 18, 2018 at $1,503.00/month |
| Suspense Balance: | $409.43 |
| **Total Post-Petition Arrears** | **$1,093.57** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$1,093.57.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$1,093.57** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **September 18, 2018** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,503.00** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 27, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
KML Law Group, P.C.

Date: September 10, 2018

/s/ Georgette Miller, Esquire
Georgette Miller
Attorney for Debtor

Date: September 26, 2018

LeRoy Etheridge for
William C. Miller
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights or remedies.

**O R D E R**

Approved by the Court this 27th day of September, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank